UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ADAM J. CIRALSKY, | ) | No. 1:00cv01709 RWR |
| | ) | |
| | ) | DEFENDANTS' UNOPPOSED |
| Plaintiff, | ) | MOTION FOR AN ORDER |
| | ) | PRESERVING CERTAIN |
| v. | ) | ALLEGATIONS |
| | ) | |
| CENTRAL INTELLIGENCE AGENCY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendants hereby move for an order permitting them to move for summary judgment as to Claim XVIII based on the applicability of 5 U.S.C. § 552(b)(1) to the records covered by that claim without waiving any allegation that the records are exempt from release for other reasons. The grounds for this motion are set forth in the memorandum submitted herewith. Counsel for plaintiff advises that he does not oppose the relief that defendants hereby seek.

Dated: March 4, 2005

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General
KENNETH L. WAINSTEIN
United States Attorney

SUSAN K. RUDY, D.C. Bar 369112
DAVID M. GLASS, D.C. Bar 544549
Attorneys, Department of Justice
20 Mass. Ave., N.W., Room 7140
Washington, D.C.  20530
Tel: (202) 514-4469
Fax: (202) 616-8470
E-mail: david.glass@usdoj.gov
Attorneys for Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ADAM J. CIRALSKY, | )  No. 1:00cv01709 RWR |
| | ) |
| Plaintiff, | )  MEMORANDUM IN SUPPORT OF |
| | )  DEFENDANTS' UNOPPOSED |
| v. | )  MOTION FOR AN ORDER |
| | )  PRESERVING CERTAIN |
| CENTRAL INTELLIGENCE AGENCY, *et al.*, | )  ALLEGATIONS |
| | ) |
| Defendants. | ) |
| | ) |

PRELIMINARY STATEMENT

Plaintiff has requested certain records from the Federal Bureau of Investigation (FBI) pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. All records responsive to plaintiff's request are classified in their entirety. Accordingly, the FBI has withheld the records pursuant to FOIA exemption 1, 5 U.S.C. § 552(b)(1).

Claim XVIII challenges the manner in which the FBI has responded to plaintiff's request. To resolve this claim, defendants propose to move for summary judgment. In doing so, they will show that the reliance of the FBI on exemption 1 is justified.[1]

Defendants anticipate that their motion will be granted. However, they do not wish to waive any allegation that the records covered by Claim XVIII are exempt from release, in whole or in part, for reasons other than exemption 1. Nor do they wish the FBI to be put to the time and trouble of making and justifying exemption claims that are likely to be superfluous. Accordingly, they ask that an order be entered permitting them to move for summary judgment as

---

[1]Defendants' dispositive motion as to Claims I-XVI and XIX-XX is pending.

to Claim XVIII based on the applicability of exemption 1 to the records covered by that claim without waiving any allegation that the records are exempt from release for other reasons.

Counsel for plaintiff advises that he does not oppose the relief that defendants hereby seek.

### THE STATUTORY AND REGULATORY SCHEME

The FOIA "requires federal agencies to disclose, upon request, broad classes of agency records unless the records are covered by the statute's exemptions." *Students Against Genocide v. Dep't of State*, 257 F.3d 823, 833 (D.C. Cir. 2001). Classified information is protected by exemption 1, which applies, by its terms, to matters that are "specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy," and are "properly classified" pursuant to that order.

The Privacy Act deals with "records" within "systems of records." For purposes of the Privacy Act, a "record" is an "item, collection, or grouping of information about an individual that is maintained by an agency." 5 U.S.C. § 552a(a)(4). A "system of records" is a group of records under the control of the agency "from which information is retrieved by the name of the individual" or by his or her personal identifier. *Id.* § 552a(a)(5). With certain exceptions, an agency maintaining a system of records is required to grant the request of the individual "to gain access to his record or to any information pertaining to him." *Id.* § 552a(d)(1); *see id.* §§ 552a(j), (k).

The Central Records System is one of the FBI's systems of records. FBI Privacy Act Issuances (2003) at 12 (downloaded from http://frewebgate.access.gpo.gov/cgi-bin/get/doc.cgi? (Jan. 5, 2005)). The Central Records System consists of the FBI's investigative, personnel,

2

applicant, administrative, and general files. *Id.* Pursuant to 5 U.S.C. §§ 552a(j) and (k), the

Attorney General has exempted information contained in the Central Records System from the

access requirement of the Privacy Act, to the extent that the information comes within the

purview of §§ 552a(j) or (k). 28 C.F.R. § 16.96(a).

## STATEMENT OF FACTS

By letter to the FBI dated January 22, 1998, plaintiff requested four categories of records,

pertaining to himself, pursuant to FOIA and the Privacy Act. Ex. A at 1-2.[2]  By letter dated

January 6, 1999, plaintiff added four categories of records, pertaining to the government's alleged

disparate treatment of Jews, Zionists, or Israeli sympathizers, to his request. Ex. B at 2.

By letter dated June 30, 1999, the FBI advised plaintiff that certain material pertaining to

himself existed; that all such material was being withheld pursuant to FOIA exemption 1; and

that nothing segregable could be released. Ex. C at 1.  Addressing the categories of records

added to the initial version of his request, the FBI advised him that two of the categories were too

vague to permit response; that no records responsive to the third category had been found; and

that no programs existed within the contemplation of the fourth category. *Id.*

By letter dated July 19, 1999, plaintiff appealed the withholding of the records pertaining

to himself and certain of the determinations that the FBI had made with respect to the categories

added to his request. Ex. D at 1, 2. In accordance with 28 C.F.R. § 0.23(c), plaintiff addressed

his appeal to the Department of Justice (DOJ), Office of Information and Privacy (OIP). *Id.* at 1.

By letter dated September 20, 1999, OIP advised plaintiff that he was "the subject of one

Headquarters main file"; that his right of access to the file was limited to any right that he might

---

[2]References to exhibits are to the exhibits to this motion.

have under the FOIA, because the file was exempt from disclosure under the Privacy Act; that

the material in the file was classified, therefore justifying its withholding pursuant to FOIA

exemption 1; but that the material was being referred to the Department Review Committee

(DRC) of DOJ for a determination, *see* 28 C.F.R. § 17.14(a), as to whether the material

continued to warrant classification. Ex. E. By letter dated September 23, 1999, OIP advised

plaintiff that it was affirming the actions that the FBI had taken with respect to the categories

added to his request. Ex. F.

In the spring of 2001, the DRC determined that the material pertaining to plaintiff

continued to warrant classification. Hardy Decl. ¶ 4. In the autumn of 2004, the DRC conducted

another review of the material and came to the same conclusion. *Id.* Meanwhile, plaintiff

commenced this action. In Claim XVIII of the second amended complaint, he alleges that the

FBI has violated both the FOIA and the Privacy Act "[b]y obstructing access and refusing to

disclose the information sought." 2d Am. Compl. ¶ 67.

## ARGUMENT

DEFENDANTS SHOULD BE PERMITTED TO MOVE FOR SUMMARY JUDGMENT AS
TO CLAIM XVIII WITHOUT WAIVING ANY ALLEGATION THAT THE RECORDS
COVERED BY THAT CLAIM MAY BE WITHHELD FOR REASONS OTHER THAN
EXEMPTION 1.

In actions under the FOIA, "the agency bears the burden of justifying its decision to

withhold requested information." *King v. U.S. DOJ*, 830 F.2d 210, 217 (D.C. Cir. 1987). "The

agency may meet this burden by filing affidavits describing the material withheld and the manner

in which it falls within the exemption claimed." *Id.*

4

In *Maydak v. U.S. DOJ*, 218 F.3d 760 (D.C. Cir. 2000), the defendant relied on FOIA exemption 7(A), 5 U.S.C. § 552(b)(7)(A), to withhold certain records pertaining to certain pending criminal proceedings.  By its terms, exemption 7(A) permits the withholding of "records or information compiled for law enforcement purposes," provided that their disclosure "could reasonably be expected to interfere with enforcement proceedings."  After the defendant had moved for summary judgment, and after the motion had been granted, the criminal proceedings came to an end, thereby mooting the application of exemption 7(A) to the requested records.  Responding to this fact, the defendant moved for an order remanding the case to the district court, so that a showing could be made that other FOIA exemptions applied.  Denying this motion, and directing that all of the records be released, the court of appeals said: "We have plainly and repeatedly told the government that, as a general rule, it must assert all exemptions at the same time, in the original district court proceedings."  218 F.3d at 764.

In this case, the FBI has relied to date exclusively on FOIA exemption 1 in withholding the records responsive to plaintiff's request.  However, other exemptions of the FOIA or Privacy Act may be applicable.  Hardy Decl. ¶ 5.  These exemptions may include FOIA exemptions 2, 5, 7(C), and 7(D), 5 U.S.C. § 552(b)(2), (5) & (7)(C)-(D).[3]  *Id.*

Defendants are confident of their ability to show that the FBI has acted properly in withholding the requested records pursuant to FOIA exemption 1.  As a matter of law, their

---

[3]Exemption 2 protects matters "related solely to the internal personnel rules and practices of an agency"; exemption 5 protects matters subject to evidentiary privileges; exemption 7(C) protects "records or information compiled for law enforcement purposes," provided that their disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy"; and exemption 7(D) protects such records or information, provided that their disclosure "could reasonably be expected to disclose the identity of a confidential source" or, in certain cases, information provided by such a source.

burden is relatively light. "'[T]he Executive departments responsible for national defense and

foreign policy matters have unique insights into what adverse affects [sic] might occur as a result

of a particular classified record.'" *McGehee v. Casey*, 718 F.2d 1137, 1148 (D.C. Cir. 1983)

(quoting S. Conf. Rep. No. 93-1200, at 12 (1974)); *accord Ctr. for Nat'l Sec. Studies v. U.S.

DOJ*, 331 F.3d 918, 927 (D.C. Cir. 2003). Accordingly, the D.C. Circuit has "consistently

reiterated the principle of deference to the executive in the FOIA context when national security

concerns are implicated." *Ctr. Nat'l Sec. Studies*, 331 F.3d at 927. Where, as here, national

security concerns are the basis for the withholding of records, "'Congress has instructed the

courts to accord substantial weight to agency affidavits.'" *Students Against Genocide*, 257 F.3d

at 833 (quoting *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978) (internal quotation marks

omitted)).

In addition, *Maydak* does not necessarily control this case. *Maydak* involved the

withholding of records pursuant to exemption 7(A). The applicability of exemption 7(A) to

requested records comes to an end when the enforcement proceedings to which the records

pertain come to an end. This case involves the withholding of records pursuant to exemption 1.

Material withheld pursuant to exemption 1 retains its classified status for a fixed period of time.

*See* Exec. Order No. 12958 §§ 1.5(a), (b), *reprinted in* 50 U.S.C. § 435 note (2004 Supp.).

Notwithstanding the confidence with which defendants approach this case, they wish to

avoid the following scenario: (1) they move for summary judgment as to Claim XVIII based

solely on the applicability of exemption 1 to the records covered by that claim; (2) the motion is

denied; (3) they are held pursuant to *Maydak* to be precluded from asserting the applicability of

other exemptions. Defendants could avoid this scenario by waiting to move for summary

6

judgment until the FBI conducts another review of the requested records and prepares the detailed justifications that the motion would require for exemptions other than exemption 1. However, the workload of the FBI makes this option unattractive. On the average, the FBI receives more than 790 FOIA or Privacy Act requests each month. Hardy Decl. ¶ 6. These requests are handled by the Records Management Division, Record/Information Dissemination Section (RIDS). *Id.* In addition to handling these requests, RIDS works closely with OIP when requesters appeal the manner in which the FBI has responded to FOIA and Privacy Act requests. *Id.* During the first three quarters of Fiscal Year 2004, more than 1620 such appeals were taken. *Id.* In addition, RIDS provides litigation support when the FBI is sued under FOIA or the Privacy Act. *Id.* At the present time, more than 140 such actions are pending. *Id.* Certain of these actions require large amounts of material to be reviewed in short periods of time. *Id.* For example, a recent order in *Homick v. U.S. DOJ*, No. 3:98cv00557 SI (N.D. Cal.), directed the FBI to review approximately 12,000 pages in 30 days. *Id.*

Because RIDS has so much other work to do, defendants are reluctant to add to its burden by asking it to review records and prepare detailed justifications for exemption claims that are likely to be superfluous. Accordingly, "[the] prudent course of action [is] to obtain the court's permission to raise the threshold defense first in order to specifically reserve the right to invoke the remaining exemptions at a later date, if necessary." OIP, *Freedom of Information Guide & Privacy Act Overview* at 823 (2004). Adopting this suggestion, defendants ask that they be permitted to move for summary judgment as to Claim XVIII based on the applicability of exemption 1 to the records covered by that claim without waiving any allegation that the records are exempt from production for other reasons. Where, as here, the request is not made for the

7

purpose of "gain[ing] a tactical advantage over the FOIA requester" and is not opposed, it can

and should be granted. *See August v. FBI*, 328 F.3d 697, 698 (D.C. Cir. 2003).

CONCLUSION

For the foregoing reasons, defendants' motion for an order precluding the waiver of

certain claims should be granted.

Dated: March 4, 2005

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General
KENNETH L. WAINSTEIN
United States Attorney

SUSAN K. RUDY, D.C. Bar 369112
DAVID M. GLASS, D.C. Bar 544549
Attorneys, Department of Justice
20 Mass. Ave., N.W., Room 7140
Washington, D.C.  20530
Tel: (202) 514-4469
Fax: (202) 616-8470
E-mail: david.glass@usdoj.gov
Attorneys for Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ADAM J. CIRALSKY, | ) | No. 1:00cv01709 RWR |
| | ) | |
| | ) | ORDER |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CENTRAL INTELLIGENCE AGENCY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Upon defendants' unopposed motion for an order preserving certain allegations and good cause having been shown, it is hereby ordered as follows this _____ of _____ 2005:

1. Defendants' aforesaid motion is hereby granted.

2. Defendants may move for summary judgment as to Claim XVIII based on the applicability of 5 U.S.C. § 552(b)(1) to the records covered by that claim without waiving any allegation that the records are exempt from release for other reasons.



_____
UNITED STATES DISTRICT JUDGE