UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ADAM J. CIRALSKY,              )    No. 1:00cv01709 RWR

                               )

                  Plaintiff,  )    EXHIBITS TO DEFENDANTS'

                               )    UNOPPOSED MOTION FOR AN

                               )    ORDER PRESERVING CERTAIN

         v.                )    ALLEGATIONS

                               )

CENTRAL INTELLIGENCE AGENCY, *et al.*,  )

                               )

                  Defendants.  )

CONTENTS

Ex. A.        Letter Ciralsky to O'Brien (Jan. 22, 1998).

Ex. B.        Letter Ciralsky to O'Brien (Jan. 6, 1999).

Ex. C.        Letter Kelso to Ciralsky (June 30, 1999).

Ex. D.        Letter Ciralsky to Co-Director, Office of Information and Privacy (July 19, 1999).

Ex. E.        Letter Huff to Ciralsky (Sept. 20, 1999).

Ex. F.        Letter Huff to Ciralsky (Sept. 23, 1999).

# CIRALSKY v. CIA
# No. 1:00cv01709 RWR

# DEFS.' MOT. FOR AN ORDER PRESERVING CERTAIN ALLEGATIONS

# EX. A

January 22, 1998

J. Kevin O'Brien
Chief, FOI/PA Section
Federal Bureau of Investigation
Room 6296 JEH
Washington, D.C. 20535-0001

    RE:  Expedited FOIA/PA Request

Dear Mr. O'Brien:

    This is a non-commercial request for Federal Bureau of Investigation (FBI) information pursuant to the Freedom of Information Act (FOIA), the Electronic FOIA Amendments and the Privacy Act of 1974, as amended.*  As this request is for personal files, I understand that I am at the very least entitled to a waiver of the standard search fee and 100 free pages of material.

    Since the material I seek pertains to pressing legal matters and has the potential to expose serious, on-going misconduct on the part of senior FBI and DOJ officials, I would like expedited processing of my request.  While I understand that requests for expedited processing are not subject to a specific deadline, 5 U.S.C. §552(a)(6)(E)(iii) states that the FBI must at the very least process my request "as soon as practicable."

    I hereby request a complete and thorough search of *all* filing systems (electronic and otherwise) and locations (FBI Headquarters, Washington Field Office, etc.) for *all* records (documents, files, tapes, transcripts etc.) maintained by your agency pertaining to and/or captioned:

    (1)   Adam Jon Ciralsky, Adam J. Ciralsky, or Adam Ciralsky;

    (2)   Social Security Number: 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, SSN: 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 or 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;

(continued next page)

---

* Attached please find my signed and notarized Privacy Act waiver (*see* attached Exhibit 1).

(3)   FBI inquiries to and correspondence with the
      Central Intelligence Agency (CIA) concerning
      Adam J. Ciralsky;

      (a)   including any and all CIA components and
            sub-components: *for example*, the
            Counterintelligence Center (CIC), the
            Counterespionage Group (CEG), the Office
            of General Counsel (OGC) and the Office
            of the Director of Central Intelligence
            (DCI);

(4)   FBI inquiries to and correspondence with the
      Defense Intelligence Agency (DIA) concerning
      Adam J. Ciralsky

      (a)   in this regard I would draw your
            attention to a document I received
            (through FOIA) from the DIA which
            describes a "FBI INQUIRY" made concerning
            Adam Ciralsky on June 2, 1997 (*see*
            attached Exhibit 2).

This request specifically includes where appropriate "main"
files and "see references," including but not limited to
numbered and lettered sub-files and control files.

I also request a search of the Electronic  Surveillance
(ELSUR) Index, or any similar technique for locating records
of electronic surveillance and the COINTELPRO Index. I
request that all records be produced with the administrative
pages.  I wish to be sent copies of "see reference" cards,
abstracts, search slips, including search slips used to
process this request, file covers, multiple copies of the
same documents if they appear in a file, tapes of any
electronic surveillance, photographs, and logs of physical
surveillance (FISUR).  Please place missing documents on
"special locate."

I wish to make clear that I want all FBI records
"identifiable with my request."  I do not want simply
"interim" documents.  Rather, I want all documents as they
appear in the "main" files and "see references" of all units
of your agency.  If documents are denied in whole or in part,
please specify which exemption(s) is/are claimed for each
passage or whole document denied.  Please give the number of
pages in each document and the total number of pages
pertaining to this request and the dates of documents
withheld.  I request that excised material be "blacked out"
rather than "whited out" or cut out and that the remaining
non-exempt portions of documents be released as provided
under the Freedom of Information Act (FOIA).

Please send a memo (with a copy or copies to me) to the appropriate unit(s) in your office to assure that no records related to this request are destroyed. Please advise of any destruction of records and include the date of, and authority for, such destruction. As I expect to appeal any denials, please specify the office and address to which an appeal should be directed.

I can be reached at the phone number listed below. Please call rather than write if you have any questions or if you require additional information from me. I expect a response to this request within ten (10) working days, as provided for in the Freedom of Information Act (FOIA).

Sincerely,

Adam J. Ciralsky
4808 Moorland Lane
Suite 409
Bethesda, MD 20814
(301) 913-0393 (unlisted)


cc: Neal M. Sher, Esquire


2 Enclosures a/s

| | |
|---|---|
| *1* | Privacy Act Consent Form (notarized) |
| *2* | Document obtained from the Defense Intelligence Agency concerning FBI Inquiry RE Adam Ciralsky |
| *3* | |
| *4* | |
| *5* | |
| *6* | |
| *7* | |
| *8* | |
| *9* | |
| *10* | |
| *11* | |
| *12* | |

## PRIVACY ACT CONSENT
### To the Release of Information
### From Records of the United States

I, ADAM JON CIRALSKY, of 4808 Moorland Lane, Suite 409, Bethesda, Maryland 20814, born September 22, 1971 in St. Louis, Missouri, Social Security Number: 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, hereby request that the information described in my January 22, 1998 Freedom of Information Act/ Privacy Act (FOI/PA) request to the Federal Bureau of Investigation (to which this Consent is attached) be released to me at:

> 4808 Moorland Lane
> Suite 409
> Bethesda, MD 20814

I further authorize my attorney, NEAL M. SHER, Esquire, of Schmeltzer, Aptaker & Shepard, P.C., The Watergate, 2600 Virginia Ave., N.W., Suite 1000, Washington, D.C. 20037-1905 to review any and all material obtained through my aforementioned FOI/PA request of the Federal Bureau of Investigation (FBI). As stated above, however, I expect that all FOI/PA material information will be forwarded to my home address.

Dated: _Jan. 22, 1998_        _____
                                     ADAM J. CIRALSKY

Subscribed and sworn to or affirmed before me this 22ND day of JANUARY A.D., 1998

_____
Notary Public

Notarial Seal
FREDERICK H. MINGER, Notary Public
Montgomery County, Bethesda, Maryland
My Commission Expires March 4, 2000

CIRALSKY v. CIA
No. 1:00cv01709 RWR

DEFS.' MOT. FOR AN
ORDER PRESERVING
CERTAIN
ALLEGATIONS

EX. B

FEB 0 1 1999

RECEIVED

January 6, 1999

J. Kevin O'Brien
Chief, FOIA & Privacy Act Section
Office of Public and Congressional Affairs
Room 6296 JEH
935 Pennsylvania Avenue, N.W.
Washington, D.C. 20535

Re:   FOI/PA Appeal (of Request No. 432449)

Dear Mr. O'Brien:

This is an appeal under the Freedom of Information and Privacy Acts. By letter dated January 22, 1998, I essentially requested all FBI records and correspondence concerning me. *See* attached copy of my January 22, 1998 letter for the exact wording of my request(s).

Via letter dated February 18, 1998, your office acknowledged receipt of my January 22, 1998 request(s) and assigned the following identifier: 432449. Your office cited a backlog of requests as the reason the FBI would not meet its statutory response deadline of ten days.

In my January 22, 1998 letter, however, I had sought expedited processing on the grounds that the material I seek "pertains to pressing legal matters and has the potential to expose serious, on-going misconduct on the part of senior FBI and DOJ officials." Still, your office rejected both my request for expedited processing and that of Senator Russell Feingold.

Based on the replies I have received from your office and nearly a year of inaction in fulfilling my request(s), it is clear that the FBI has absolutely no intention of living up to its legal obligations under the Freedom of Information and Privacy Acts.

Therefore, please consider this letter notice that my attorney and I interpret the FBI's attempts to frustrate, subvert or otherwise slow-roll my FOI/PA requests to be a "denial." This letter is an appeal of that denial. The next step, as you are well aware, is court.

In processing my appeal, please *amend* my original request (of January 22, 1998) to include a complete and thorough search of all filing systems (electronic and otherwise) and locations (FBI Headquarters, Washington Field Office, etc.) for all

records (documents, files, tapes, transcripts, pictures, etc.) maintained by your agency pertaining to and/or captioned:

(a)     monitoring (electronic or otherwise) of Jewish and/or Zionist and/or pro-Israel employees at the CIA, FBI or anywhere else in the U.S. Government; please be sure to also search using "Judaism, Jewish, Jew(s), anti-Semitism, anti-Semite(s), Zionist(s), and/or Zionism" as key words;

(b)     counterintelligence and/or personnel security efforts concerning Jewish and/or Zionist and/or pro-Israel employees at the CIA, FBI or anywhere else in the U.S. Government; please be sure to also search using "Judaism, Jewish, Jew(s), anti-Semitism, anti-Semite(s), Zionist(s), and/or Zionism" as key words;

(c)     "Operation Scope," "Scope," "Operation Gold," "Gold" or any other effort to monitor the activities of, or compile a list of, Jews and/or Zionists in the U.S. Government or private sector (including, but not limited to, Jewish or Zionist institutions and organizations); please be sure to also search using "Jew Room" as a key word; and

(d)     any operation or program to monitor the activities of Jews or Israeli sympathizers in the United States.

I expect a final ruling on my appeal within the statutory deadline of twenty working days. Thank you in advance for cooperation.

Sincerely,

Sub

Adam J. Ciralsky
4808 Moorland Lane
Suite 409
Bethesda, MD 20814
(301) 913-0393 (unlisted)


cc     Neal M. Sher, Esq.
       Senator Russ Feingold

CIRALSKY v. CIA
No. 1:00cv01709 RWR

DEFS.' MOT. FOR AN
ORDER PRESERVING
CERTAIN
ALLEGATIONS

EX. C



U.S. Department of Justice

Federal Bureau of Investigation

Washington, D. C. 20535

FOIPA No. 432449

JUN 3 0 1999

Mr. Adam Jon Ciralsky
Suite #409
4808 Moorland Lane
Bethesda, MD 20814

Dear Mr. Ciralsky:

This is further response to your Freedom of Information-Privacy Acts (FOIPA) request.

Based on your original letter dated January 22, 1998, the material which was found to be responsive to your request is being withheld from disclosure in its entirety, pursuant to exemption (b)(1), of Title 5, United States Code, Section 552, as there is no segregable material which can be released to you.  Please refer to Form OPCA-16a, enclosed, for an explanation of this exemption.  Please also be advised that a search of the FBIHQ electronic surveillance indices was conducted and no responsive record was located which indicates that you have ever been the target of an electronic surveillance.

Furthermore, with regard to the amendments stated in your letter dated January 6, 1999, paragraphs (a) & (b) were too vague; in regards to paragraph (c), no records were found to exist; and concerning paragraph (d), no such programs exist.  Please note that the FOIA provides for access to Government records where the records sought are "reasonably described" (see Title 5, United States Code, Section 552(a)(3)).  Based on the amended paragraphs (a) & (b) to your most recent request letter, there is not enough descriptive information to permit a search of our records.  Therefore, in accordance with Title 28, Code of Federal Regulations, Part 16.3(b), we are requesting that you provide more specific information as to paragraphs (a) & (b) to enable us to locate the records you requested with a reasonable amount of effort.  This should include the names of individuals, organizations or events, and the approximate time frame, if known.

Adam Jon Ciralsky                                             FOIPA #432449

       If you desire, you may appeal this denial.  Appeals should be directed in writing to the Co-Director, Office of Information and Privacy, United States Department of Justice, Flag Building, Suite 570, Washington, D.C. 20530, within sixty days from the receipt of this letter.  The envelope and the letter should be marked "Freedom of Information Appeal" or "Information Appeal".  Please cite the FOIPA number assigned to your request so that it may be easily identified.

                      Sincerely yours,

                      John M. Kelso, Jr.
                      Section Chief
                      Freedom of Information-Privacy Acts Section
                      Office of Public and Congressional Affairs

Enclosure (1)

CIRALSKY v. CIA
No. 1:00cv01709 RWR

DEFS.' MOT. FOR AN
ORDER PRESERVING
CERTAIN
ALLEGATIONS

EX. D

```
OFFICE OF INFORMATION
AND PRIVACY

JUL 2 2 1999

RECEIVED
```

July 19, 1999

Co-Director
Office of Information and Privacy
United States Department of Justice
Flag Building, Suite 570
Washington, D.C. 20530

Re:    FOI/PA Appeal of Requests 432449, 444187 and 444188

Dear Sir or Madam:

This is an appeal under the Freedom of Information and Privacy Acts.

Request 432449

By letter dated June 30, 1999 (see attached), the FBI withheld from disclosure all records relating to me. The ostensible basis for this denial was the national security exemption found in 5 U.S.C. §552 (b)(1).

The FBI's wholesale denial of my records was improper. Still, I am willing to entertain the possibility that the June 30, 1999 response -- in which a Bureau official claims that my FBI file hasn't a single segregable portion -- was motivated more by nonfeasance than malfeasance. *Please promptly re-examine this denial.*

In my original PA request of January 22, 1998, I requested "a complete and thorough search of *all* filing systems (electronic and otherwise) and locations (FBI Headquarters, Washington Field Office, etc.) for *all* records (documents, files, tapes, transcripts etc.) maintained by your agency pertaining to and/or captioned" with my name and/or identifying information. I also requested a search of the Electronic Surveillance (ELSUR) Index, or any similar technique for locating records of electronic surveillance.

The FBI's letter of June 30, 1998, however, makes clear that only FBI *Headquarters* was searched. The Bureau's representation that "a search of the FBIHQ electronic surveillance indices was conducted and no responsive record was located...," is neither satisfactory nor, in truth, responsive to my request.

You should be aware that on September 11, 1997, officials from the CIA's Counterespionage Group (CEG), acting at the direction of an FBI official, Edward Curran, ordered me to take possession of -- and use at home -- an IBM laptop computer which, I later learned, was outfitted with electronic surveillance equipment.

Mr. Curran's pathetic stunt was in violation of the Fourth Amendment, the Foreign Intelligence Surveillance Act (FISA), 50 U.S.C. § 1801 *et seq.*, and Executive Order 12333 §2.4(a). Clearly, there must be FBI records which speak to this egregious violation of law. *Please examine all FBI record-keeping systems -- be they at Headquarters, the Washington Field*

*Office, in Mr. Curran's office (and/or soft files) or anywhere else -- for records responsive to my request.*

<u>Requests 444187 and 444188</u>

By letter dated June 30, 1999 (see attached), the FBI denied the existence of any records concerning Operation Scope, Operation Gold and/or material related to surveillance of Jewish-Americans which bears the label or identifier "Gold." *Please promptly re-examine this response as well.*

Finally, the FBI maintains that the following requests (from my January 6, 1999 letter) are too vague:

> (a)     monitoring (electronic or otherwise) of Jewish and/or Zionist and/or pro-Israel employees at the CIA, FBI or anywhere else in the U.S. Government; please be sure to also search using "Judaism, Jewish, Jew(s), anti-Semitism, anti-Semite(s), Zionist(s), and/or Zionism" as key words; and

> (b)     counterintelligence and/or personnel security efforts concerning Jewish and/or Zionist and/ or pro-Israel employees at the CIA, FBI or anywhere else in the U.S. Government; please be sure to also search using "Judaism, Jewish, Jew(s), anti-Semitism, anti-Semite(s), Zionist(s), and/or Zionism" as key words.

To be more exact, I want any and all information relating to any effort(s) to monitor Jewish-Americans; be they in government or the private sector. Please pay special attention to any effort(s) to classify Jewish-Americans as security risks -- or to treat Jews differently -- on account of ties (real or perceived) to the State of Israel.

I expect a final ruling on my appeal within the statutory deadline of twenty working days. Thank you in advance for cooperation.

Sincerely,

Adam J. Ciralsky
4808 Moorland Lane
Suite 409
Bethesda, MD 20814
(301) 913-0393 (unlisted)


cc:     Neal M. Sher, Esq.
         Mark Zaid, Esq.
         Janine Brookner, Esq.

CIRALSKY v. CIA
No. 1:00cv01709 RWR

DEFS.' MOT. FOR AN
ORDER PRESERVING
CERTAIN
ALLEGATIONS

EX. E

**U.S. Department of Justice**

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*                          *Washington, D.C. 20530*

· Mr. Adam J. Ciralsky
Suite 409
4808 Moorland Lane                      Re:   Appeal No. 99-4134
Bethesda, MD  20814                           RLH:ADW:FPM

Dear Mr. Ciralsky:

        You appealed from the action of the Headquarters Office of
the Federal Bureau of Investigation on your request for access to
records pertaining to yourself.

        After careful consideration of your appeal, I have decided
to affirm the initial action in this case.  The documents
responsive to your request are exempt from the access provision
of the Privacy Act of 1974 pursuant to 5 U.S.C. § 552a(j)(2).
See 28 C.F.R. § 16.96(a) (1998).  Accordingly, your access rights
are limited to those provided by the Freedom of Information Act.
You are the subject of one Headquarters main file.  The material
within the scope of your request is classified and I am affirming
the denial of access to it on the basis of 5 U.S.C. § 552(b)(1).
This material is being referred to the Department Review
Committee for its review and a determination of whether it
warrants continued classification under Executive Order No.
12958.  You will be notified if the Committee's final decision
results in the declassification of any information.

        Regarding your comments about the FBI's failure to search
its field offices for records responsive to your request, if you
would like FBI field offices searched, you should write directly
to each field office you think appropriate and request the
information you seek.  I will consider individually appeals from
each response.

        Judicial review of my action on this appeal is available to
you in the United States District Court for the judicial district
in which you reside or have your principal place of business, or
in the District of Columbia, which is also where the records you
seek are located.

                                Sincerely,

                                DISCLOSURE

                                Richard L. Huff
                                Co-Director    1999 SEP 24

                                FBI
                                RECEIVED

# CIRALSKY v. CIA
# No. 1:00cv01709 RWR

# DEFS.' MOT. FOR AN ORDER PRESERVING CERTAIN ALLEGATIONS

# EX. F

U.S. Department of Justice

Office of Information and Privacy

_____

Telephone: (202) 514-3642                 *Washington, D.C. 20530*

SEP 23

Mr. Adam J. Ciralsky
Suite 409                              Re:    Appeal No. 99-4135
4808 Moorland Lane                            RLH:ADW:FPM
Bethesda, MD  20814

Dear Mr. Ciralsky:

        You appealed from the action of the Federal Bureau of
Investigation on your request for access to records pertaining to
"Operation Gold," "Operation Scope," and the monitoring of
Jewish-Americans.  I will address each of your concerns in the
order presented in your letter.

        First, you appealed the failure of the FBI to provide you
with any records concerning "Operation Gold" or "Operation
Scope."  After careful consideration of this portion of your
appeal, I have decided to affirm the initial action.  You were
advised by the FBI that no records responsive to this portion of
your request could be located in its files.  It has been deter-
mined that this response is correct.

        Second, you appealed the FBI's failure to process the
portion of your request concerning the monitoring of Jewish-
Americans.  After careful consideration of this portion of your
appeal, I have decided to affirm the initial action.  In its
June 30, 1999, letter, the FBI informed you that it could not
conduct a reasonable search for responsive records using the
limited amount of information you provided.  The FBI requested
that you provide additional information, such as the names of
individuals, organizations, or events, that would enable it to
conduct a search for responsive records with a reasonable amount
of effort.  Because you did not provide the FBI with the addi-
tional information it requested, I have determined that the FBI's
refusal to search for and process all documents concerning the
monitoring of Jewish-Americans was appropriate.

        Judicial review of my action on this appeal is available to
you in the United States District Court for the judicial district
in which you reside or have your principal place of business, or
in the District of Columbia, which is also where the records you
seek, if they exist, would be located.

                              Sincerely,

                                            DISCLOSURE

                                       1999 SEP 23 AM 8:39

                              Richard L. Huff
                              Co-Director        RECEIVED